UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN LUIS REYNA,

        Petitioner,        Case No. 1:13-cv-1081

v.        Honorable Gordon J. Quist

WILLIE SMITH,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Juan Luis Reyna is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility. In 2011, following a jury trial in Muskegon County Circuit Court, Petitioner was convicted of: assault with intent to rob and steal being armed, Mich. Comp. Laws § 750.89; possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b; and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1). On February 15, 2011, he was sentenced to the following terms of imprisonment: 16 to 30 years for the assault conviction, 2 years for the felony-firearm conviction, and 1 to 2 years for the resisting-and-obstructing conviction.[1]

Petitioner appealed the judgment of conviction to the Michigan Court of Appeals, which denied the appeal and affirmed the judgment on April 24, 2012. Petitioner then sought leave to appeal to the Michigan Supreme Court, which denied leave on September 4, 2012, because it was not persuaded that the question presented should be reviewed by that court. Petitioner timely filed the instant action in September 2013, raising the following ground for relief:

> Petitioner was denied due process where the trial court refused to instruct on a lesser included offense where there was a factual dispute as to intent[.]

(Pet., docket #1, Page ID#7.) Petitioner elaborates on his claim as follows:

> In Petitioner's statement to the police, he never admitted that he intended to use the weapon to facilitate the larceny. Instead, he told police that he only drew the weapon upon returning to the scene in the Couch's backyard, after first running away, in order to induce Mr. Couch to release his co-defendant and allow him to similarly escape. Petitioner expressly told the police that the weapon in his possession was pulled solely for the purpose of self-defense, not for the purpose of committing the robbery.

(*Id.*)

---

[1] The sentence for the felony-firearm conviction is to be served consecutively to the other sentences.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

The AEDPA also requires a heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Petitioner claims that he was denied due process because the trial court refused to give a jury instruction regarding a lesser-included offense. Petitioner does not identify the lesser-included offense, but he apparently argued on appeal that the trial court should have given an instruction on the lesser-included offense of attempted larceny. *See People v. Reyna*, No. 302856, slip op. at 2 (Mich. Ct. App. Apr. 24, 2012). The Michigan Court of Appeals acknowledged that "attempted larceny from the person is a necessarily included lesser offense of the charged greater offense of assault with intent to rob while armed." *Id.* According to the court, "'[t]he elements of assault with intent to rob while armed are: (1) an assault with force and violence; (2) an intent to rob or steal; and (3) the defendant's being armed." *Id.* (quoting *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003)). In contrast, attempted larceny requires actions furthering an intent to rob or steal, but does not require an assault or being armed. *Id.* The court of appeals noted that the assault was not disputed by the defense; instead, defendant disputed whether he was armed at the time. *Id.* The court of appeals also noted that one of the victims testified that an assailant "aimed a gun at her face," and a police officer testified that Petitioner admitted "possessing a gun during the assault, brandishing the gun, and subsequently discarding the gun before apprehension." *Id.* Thus, the court of appeals concluded that the instruction was not necessary because "a rational view

of the evidence . . . did not support a finding that defendant merely committed the lesser offense of attempted larceny from the person[.]" *Id.*

The Sixth Circuit Court of Appeals, sitting en banc, has held that the failure to give an instruction on a lesser-included offense, even when requested by counsel, is not of the "character or magnitude which should be cognizable on collateral attack," because it is not "such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure[.]" *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc); *accord Tegeler v. Renico*, 253 F. App'x 521, 524 (6th Cir. 2007); *Todd v. Stegal*, 40 F. App'x 25, 28-29 (6th Cir. 2002); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Samu v. Elo*, 14 F. App'x 477, 479 (6th Cir. 2001); *Williams v. Hofbauer*, 3 F. App'x 456, 458 (6th Cir. 2001). Shortly after the Sixth Circuit's decision in *Bagby*, the Supreme Court emphasized that the fact that an instruction was allegedly incorrect under state law is not a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983)). Instead, the only question on habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)), *cited in Todd*, 40 F. App'x at 29.

Here, Petitioner has not identified a miscarriage of justice or a fundamental defect in due process. Indeed, Petitioner does not address any of the facts found by the state court on appeal. While he claims that he did not intend to use the weapon to facilitate the larceny, the relevant issue is whether he was armed when he committed the assault. The court of appeals found evidence in the record indicating that he was armed, and Petitioner does not challenge that finding, or offer clear and convincing evidence to contradict it. Thus, he has not demonstrated any error in

the state court's decision, much less a fundamental defect in due process. Furthermore, "the Supreme Court has never held that due process requires the giving of jury instructions on lesser-included offenses in noncapital cases." *Dansby v. Trombley*, 369 F. App'x 657, 660 (6th Cir. 2010); *see Scott*, 302 F.3d at 606. Thus, under the AEDPA, 28 U.S.C. § 2254(d)(1), Petitioner's claim does not present a viable basis for habeas relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: October 29, 2013                 /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE